# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JAMES McCLAIN,**

    **Plaintiff,**

**v.**                                     Case No. 8:08-cv-841-T-30TGW

**CITY OF TAMPA,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant City of Tampa's Motion for Summary Judgement (Dkt. 17), Plaintiff James McClain's Response to the same and Memorandum in Support (Dkts. 33 and 31), and the Affidavit of James McClain (Dkt. 32)[1]. The Court, having considered the motion, the response, all exhibits, and being otherwise advised on the premises, finds that the motion should be granted.

### Background

Plaintiff James McClain, an African-American male, was hired by Defendant City of Tampa as a Water Service Technician in April 2001. After about three years, McClain was promoted to the position of Construction Maintenance Supervisor II, in which he supervised approximately thirteen to fourteen employees. At some point in 2006, the Water Distribution Department ("the Department"), in which Plaintiff worked, was reorganized. Under the

---

[1] Despite two court orders addressing the matter, these three documents filed by Plaintiff were never properly signed according to local rules. However, for the purposes of this order, the Court treated them as if they were properly filed.

reorganization, various jobs and job titles were changed or eliminated. The City required all supervisory employees to re-apply for the new positions. As a result of the reorganization, McClain was placed in the position of Team Leader within Zone I of the Department in April of 2006. In this capacity, McClain was responsible for the supervision of approximately eighteen to twenty employees.

On October 5, 2007, twelve of McClain's subordinates, all under his direct supervision, filed a grievance against McClain. The grievance states:

> "We the employees of Zone I have been enduring the constant threats about our employment from James McClain for the past year, we feel so much pressure and tension to the point that it has created a hostile work environment. Mr. McClain's tactics of strong arming employees needs to stop immediately."

When McClain received the grievance, he notified his supervisor, James Murphy. Murphy advised McClain that he would investigate the merits of the allegations.

Murphy conducted a grievance hearing on October 11, 2007, in accordance with City Policy and Procedure. Murphy interviewed all Zone I employees regarding McClain's alleged inappropriate treatment. Following these interviews, Murphy and Sandra Anderson, Manager of Reclaimed Water and Continuous Improvement, met with McClain to give him an opportunity to respond to the specific allegations. Based on their findings, Murphy issued a grievance response dated October 25, 2007, finding that the grievance did have merit and that Murphy would "take appropriate actions to ensure that the work climate within the zone improves and to ensure that all employees are treated with respect."

McClain did not respond to the grievance response. However, the employees who had signed the grievance appealed the response. In response to the appeal, Michael Perry, Administrative and Fiscal Manager of the Tampa Water Department, conducted a step II grievance investigation. Perry interviewed all Zone I employees and also found that the grievance had merit. In a Step II grievance response, Perry assured the employees that the City would take appropriate steps to improve the working environment.

On November 6, 2007, McClain was called into a meeting with all Planners/Schedulers and Team Leaders. During this meeting, Murphy announced that McClain would be removed from his supervisory duties and would be reassigned to the Technical Services Department. McClain remained employed under the title of team leader and received the same rate of pay.

At some point after the Team Leader meeting, another meeting was held, in the parking lot, with all Department employees. During the meeting, Murphy announced McClain's reassignment to the entire department. Murphy also announced that he [Murphy] would be resigning as manager of the Department.

McClain filed a charge of race discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC") on November 8, 2007. In the charge, McClain alleges that he was subject to race discrimination from October 5, 2007, when the first grievance was filed by twelve of McClain's subordinates, to November 6, 2007. He alleges that the management of the Department "falsely found [him]

guilty of making threats toward his subordinates and creating a hostile work environment." (Dkt. 1-3.)

On March 19, 2008, McClain, with his counsel, met with Perry and Eli Franco, another manager in the Department, to discuss his temporary reassignment and employment status with the City. During the meeting, Perry and Franco recommended that McClain be voluntarily demoted to the non-supervisory position of Utility Technician III. McClain claims that Perry encouraged him to accept the demotion saying the McClain would never be a supervisor at the City again. McClain was given ten days to consider his options. On April 7, 2008, McClain, though objecting to the demotion, accepted it. In his new position, McClain earned the same rate of pay but no longer supervised any employees.

**Summary Judgement Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the judge must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences in his or her favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. Chelates, 477 U.S. at 324. The evidence must be significantly probative to support the claims. Anderson, 477 U.S. at 248-49. This Court may not decide a genuine factual dispute at the summary judgment stage. Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir.1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Hoffman v. Allied Corp., 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

McClain brings a one count action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII") and 42 U.S.C. §1981 ("Section 1981") for discrimination based on race due to his demotion. He claims that the City treated him differently than other

similarly situated white employees. Courts apply the same analytical framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to analyze disparate treatment race discrimination claims brought under both Title VII and Section 1981. <u>Sledge v. Goodyear Dunlop Tires North America, Ltd.</u>, 275 F.3d 1014, 1015 (11th Cir. 2001). McClain has not presented any direct evidence of racial discrimination. In order to establish a prima facie case of racial discrimination based on circumstantial evidence, McClain must demonstrate that: "(1) he belongs to a racial minority, (2) he was subjected to an adverse job action, (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job" <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing <u>McDonnell Douglas</u>, 411 U.S. at 802).

If McClain can establish a prima facie case, the burden shifts to the City to articulate a legitimate, non-discriminatory reason for its challenged employment action. <u>McDonnell Douglas</u>, 411 U.S. at 802. If the City proffers such legitimate reasons, the presumption would be rebutted and dropped from the case. <u>Raney v. Vinson Guard Service, Inc.</u>, 120 F.3d 1192, 1196 (11th Cir. 1997). The burden then shifts back to Smith to demonstrate that Defendant's proffered reasons were mere pretext. <u>McDonnell Douglas</u>, 411 U.S. at 806.

The Defendants do not dispute, for the purposes of the motion at issue, that McClain is a member of a racial minority and that he was subjected to an adverse job action. The issue for the Court is whether McClain was treated less favorably than similarly situated employees outside of his racial group and whether McClain was qualified to perform the job.

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) (additional citations omitted). In the disciplinary context, the most important factors are "the nature of the offense**s** committed and the nature of the punishments imposed." Id. (internal quotations and citations omitted). The Eleventh Circuit requires the "quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions, and confusing apples with oranges." Id. McClain presents three potential comparators: Bill Cody, Marsha Carter, and Patrick Howard.

Bill Cody, a Caucasian employee, worked as the City's Risk Manager beginning in July 2007. In that position, he supervised fifteen full-time employees. On February 22, 2008, three of Cody's subordinates filed a grievance alleging that Cody threatened the lives of several employees and made inappropriate gestures in the workplace. McClain correctly points out that Cody was not demoted as a result of this grievance. McClain fails to mention, however, that no investigation was ever made into the merit of the grievance because Cody resigned, effective on Sunday, February 24, 2008, two days after the grievance was filed. The City had no opportunity to impose any form of discipline against Cody. Therefore, there is no way for the Court to compare the nature or degree of the punishment imposed on Cody to the punishment imposed upon McClain. Cody is not a proper comparator.

Marsha Carter, a Caucasian employee, is the City's Superintendent for Parks and Recreation. On October 12, 2006, it was reported that Carter made an inappropriate comment about an African American Parks and Recreation employee to the employee's supervisor. No grievance was filed by the employee. In response to the report, Carter was given a one day suspension. McClain argues that both he and Carter were disciplined for making inappropriate comments in the workplace, making her a similarly situated person. However, Carter's situation is not equivalent to McClain's situation. Carter's comments were part of a non-recurring incident directed towards a single employee. And unlike McClain, Carter's ability to supervise was never questioned. Carter, therefore, is not an appropriate comparator.

Finally, McClain presents Patrick Howard as a potential similarly situated employee. Howard, a Caucasian employee, worked for the Department as a Construction and Maintenance Supervisor in May 2003. On May 7, 2003, one employee under Howard's direct supervision, filed an informal complaint alleging that Howard made an inappropriate comment and gesture. As a result of this complaint, Howard was suspended without pay for one working day. At some point after this incident, Howard was reassigned to the position of Vehicle Coordinator. It is unclear from the record whether the reassignment was a result of the complaint. McClain has failed to demonstrate that Howard was a similarly situated employee who was treated better than McClain. The informal complaint filed against Howard was submitted and signed by only one employee for a single, non-recurring incident.

In contrast, the grievance against McClain was signed by twelve of his subordinates for inappropriate comments made over the course of a year.

McClain has failed to present any similarly situated employees outside of his classification that were treated differently. Because McClain has failed to establish a prima facie case of race discrimination based on circumstantial evidence, summary judgment is appropriate. The Court need not determine whether McClain was qualified for his position nor whether the City has a legitimate non-discriminatory reason for the demotion.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant City of Tampa's Motion for Summary Judgment is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff.

3. The Clerk is also directed to close this case and terminate all pending motions.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-841.msj 17.frm